UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VILLALPANDO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EXEL DIRECT INC., et al.,<br><br>    Defendants. | Case No. 12-cv-04137-JCS<br><br>**ORDER TO SHOW CAUSE WHY REQUEST TO SEAL SHOULD NOT BE DENIED**<br><br>Docket No. 183 |

Plaintiffs have filed an administrative motion to file under seal an unredacted supplemental brief in support of their motion for summary judgment and excerpts of the deposition of Thomas Moonan ("the Administrative Motion"). Plaintiffs' request to file under seal is based on the designation of the documents as Highly Sensitive Confidential Information and/or Trade Secrets under the Supplemental Stipulated Protective Order in this case. *See* Docket No. 182. In compliance with Civil Local Rule 79-5(e), Plaintiffs filed a declaration in support of the Administrative Motion identifying the documents sought to be filed under seal and the party who designated those documents as confidential. In addition, the designating party, Williams-Sonoma, Inc. ("WSI"), has filed a declaration in support of the Administrative Motion. *See* Moonan Decl., Docket No. 186.

The standard that is applied to determine whether documents are sealable depends on whether they are offered in connection with a dispositive or a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). Compelling reasons are required to seal documents in connection with a dispositive motion, such as a motion for summary judgment. *Id*. at 1179 (internal quotations and citations omitted). The Court cannot

determine from the Moonan Declaration that this standard has been met. Moonan references "proprietary designs, processes compilations and methods that occur at every stage of the supply chain." Moonan Decl. ¶ 6. He also states that the testimony sought to be redacted contains "highly confidential details that have significant competitive value" to WSI, *id*. ¶ 8, and that competitors could "use this information to replicate WSI's proprietary procedures without spending the time or resources to independently develop them." *Id*. ¶ 9. WSI has not, however, identified any specific proprietary processes. Nor has it identified the particular information in the Moonan deposition excerpt that would give competitors an unfair advantage; indeed, much of the information in the deposition excerpt is general in nature and does not appear to be confidential.

Accordingly, WSI shall submit an additional declaration establishing that there is a compelling reason to seal the specific testimony it has designated as confidential and that the proposed redactions are narrowly tailored to protect only specific information that meets that high standard. This additional declaration shall be filed by **July 24, 2015**. Failure to establish a compelling reason by WSI will result in denial, either in whole or in part, of Plaintiffs' Administrative Motion.

**IT IS SO ORDERED**

Dated: July 21, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge